## Case No. 2,631.

### CHASE v. WESSON et al.

[Holmes, 274;[1] 6 Fish. Pat. Cas. 517; 4 O. G. 476.]

Circuit Court, D. Massachusetts. Oct., 1873.

#### INFRINGEMENT OF PATENT—INJUNCTION.

A preliminary injunction was granted where the complainant had been long in the enjoyment of his rights under his patent, and there was no doubt as to the defendants' infringement, and the evidence failed to satisfy the court of the existence of articles alleged to have been in use before the date of the patented invention.

[Cited in Hat-Sweat Manuf'g Co. v. Davis Sewing Mach. Co., 32 Fed. 402; Carter & Co. v. Wollschlaeger, 53 Fed. 575.]

In equity. Motion for preliminary injunction to restrain [Edward Wesson and others from] infringement of reissued letters patent [No. 1,514] granted the complainant [L. C. Chase] July 28, 1863, for improvement in halter-rings [originally granted April 30, 1861, and numbered 32,180].

George E. Betton, for complainant.
George L. Roberts, for defendants.

SHEPLEY, Circuit Judge. Limiting the first claim in this patent to that only which was invented by the patentee,—i. e., his device, as described in his specification, of such a mode of attaching a halter-die or other harness-ring to a halter or harness-strap by means of rivets, in the described mode, passing through holes in the described flanges of the die or ring without the necessity of sewing, and dispensing with the use of any other material to form the "lap," in the mode and for the purpose described,—the patent is for a different invention from that described in the patent to Samuel C. Hawkins, No. 21,674, granted Oct. 5, 1858, which is relied upon to prove want of novelty in complainant's invention.

No exhibit is produced of any such harness-ring with two flanges, as some of the affiants

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

on the part of defendants testify were in use before the date of the complainant's invention. The affidavits introduced by the complainant throw very grave doubt upon the question of the existence of any such devices at the dates indicated. These doubts are greatly confirmed by the omission to produce as exhibits in the case any such harness-rings as the witnesses describe, which could easily have been produced if they had existed and been in use for so long a time. It is not, therefore, at this stage of the case, necessary to decide what effect they would have upon the complainant's patent if the court were satisfied of their prior use.

As the complainant has been long in the enjoyment of his rights under the patent, and there is no doubt upon the question of infringement, the injunction will issue as prayed for in the bill, until the further order of the court. Order accordingly.

---

CHASE, The M. M. See Case No. 9,684.

CHASE, The R. P. See Case No. 12,099.

CHASKEL (NEW YORK RUBBER CO. v.). See Case No. 10,215.

CHASSELL (UNITED STATES v.). See Case No. 14,789.

CHASTENEY (WALDRON v.). See Case No. 17,058.